Case 7:20-cv-00183   Document 24   Filed on 11/04/20 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
November 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § |
| | § |
| 0.634 ACRES OF LAND, more or less, in HIDALGO COUNTY, TEXAS; LEOPOLDO L. GARZA; CELESTE YVETTE TREVINO GARZA; CHRIS EDWARD CHESTNUT; LILLY ELIZABETH CHESTNUT; RUTH AGUIRRE LOPEZ CHESTNUT; and IAN ADAIR CHESTNUT, | § § § § § § § § § CIVIL ACTION NO. 7:20-cv-00183 |
| | § |
| Defendants. | § |

## OPINION AND ORDER

The Court now considers the United States' "Amicus Brief Regarding Ownership of Subject Property"[1] and Defendants' Leopoldo L. Garza's and Celeste Yvette Trevino Garza's "Garza Tax Collector Receipts and Appraisal District Ownership" submission.[2] This Court's September 21, 2020 order recognized that the parties are uncertain of the owners of the land that is the subject of this land condemnation case and set a briefing schedule for the parties to advise the Court on their respective views concerning ownership.[3] The final deadline has passed and the instant briefs are submitted. The Court now "exercise[s] its jurisdiction to determine the true

---

[1] Dkt. No. 22.
[2] Dkt. No. 23.
[3] Dkt. No. 21.

owners of the condemned land."[4] "[T]he burden is on the landowner to identify his land,"[5] and the Court will normally look to local law to determine the governing interests in the land.[6]

The subject property of this land condemnation case appears to have been "Tract No. 178," or part thereof, at some time in the past.[7] In 1935, a state court entered a final judgment "which divided and partitioned hundreds of tracts of land"[8] including Tract No. 178, awarding Tract No. 178 to "Gaspar Chapa."[9] Gaspar Chapa evidently died intestate and left his estate to his wife and children.[10] In June 1953, Gaspar Chapa's surviving widow and all of his children conveyed their interest in Tract No. 178 to R.C. Hartman, Frank Chestnut, and Adolfo de la Garza, who were doing business together as "Los Ejidos Land and Irrigation Company."[11]

R.C. Hartman died testate in December 1953 and bequeathed all his property to his wife.[12] Although the 1953 conveyance did not specify any division of interests,[13] R.C. Hartman's probate schedule described the following interests in Tract No. 178:

- ½ interest owned by Adolfo de la Garza;
- ¼ interest owned by R.C. Hartman; and
- ¼ interest owned by Frank Chestnut.[14]

Thus, R.C. Hartman's widow received a ¼ interest. In June 1954, R.C. Hartman's widow, together with the executors of R.C. Hartman's estate, then conveyed all of R.C. Hartman's former interest in Tract No. 178 to the same Adolfo de la Garza, vesting him with a 75%

---

[4] *United States v. 22,680 Acres of Land in Kleberg Cnty.*, 438 F.2d 75, 77 (5th Cir. 1971); *see Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950) ("Of the jurisdiction and duty of the district court in distributing the fund in a condemnation case to find out to whom it justly belongs we have no doubt, and technical considerations ought not to limit it.").
[5] *United States v. Lee*, 360 F.2d 449, 452 (5th Cir. 1966).
[6] *See U.S. ex rel. Tenn. Valley Auth. v. Powelson*, 319 U.S. 266, 279 (1943).
[7] *Compare* Dkt. No. 1-2 at 6 *with* Dkt. No. 22-1 at 19.
[8] Dkt. No. 22 at 3, ¶ 6.
[9] Dkt. No. 22-1 at 19.
[10] *See* Dkt. No. 22-3.
[11] Dkt. No. 22-4.
[12] Dkt. No. 22-5 at 52.
[13] *See* Dkt. No. 22-4 at 1.
[14] Dkt. No. 22-5 at 19.

interest,[15] and Frank Chestnut with a 25% interest, the latter of which is described in Frank Chestnut's probate schedule.[16]

Adolfo de la Garza died in 1981.[17] In 1982, Adolfo de la Garza's will was probated and bequeathed all of Adolfo de la Garza's property to his wife Carmen Barrera de la Garza.[18] In 2002, Carmen Barrera de la Garza died testate[19] and all of her property was bequeathed to her three children in equal shares.[20] In 2018, those same three children quitclaimed their interest in "LOS EJIDOS DE REYNOSA LT 178 2.62 ACRES, OLD MILITARY RD" to Leopoldo L. Garza and Celeste Yvette Trevino Garza.[21] Leopoldo L. Garza and Celeste Yvette Trevino Garza show with tax receipts that they were the "certified owner" and paid property tax in 1990 to 1995,[22] 2004,[23] and 2019.[24] The United States interprets Leopoldo L. Garza and Celeste Yvette Trevino Garza to each own a 37.5% share in the subject property[25] and they do not dispute that finding.[26]

Frank Chestnut also died in 1981.[27] In 1981, Frank Chestnut's will was probated and bequeathed all of Frank Chestnut's property to his three sons, Neal Q. Chestnut, Vernon Lee Chestnut, and Kenneth Adair Chestnut, in equal shares.[28] In 1982, Neal Q. Chestnut conveyed all of his "undivided interest in and to all of the assets, real, personal and mixed, of Los Ejidos land & Irrigation Company, a partnership," to his brothers Vernon Lee Chestnut and Kenneth Adair

---

[15] Dkt. No. 22-6.
[16] Dkt. No. 22-12 at 20.
[17] Dkt. No. 22-7 at 1.
[18] *Id.* at 12.
[19] *See* Dkt. No. 22-8 at 1.
[20] *Id.* at 10.
[21] Dkt. No. 22-9 at 1–2.
[22] Dkt. No. 23-2 at 1–6.
[23] *Id.* at 15–16.
[24] *Id.* at 33.
[25] Dkt. No. 22 at 8, ¶ 20.
[26] *See* Dkt. No. 23.
[27] *See* Dkt. No. 22-12 at 1.
[28] *Id.* at 27.

Chestnut.[29] In 2007, Vernon Lee Chestnut died testate and bequeathed all of his property to his brother, Kenneth Adair Chestnut.[30] In 2010, Kenneth Adair Chestnut died.[31] His will left his property in equal shares to his wife, Ruth Aguirre Lopez Chestnut, and his three children, Ian Adair Chestnut, Chris Edward Chestnut, and Lilly Elizabeth Chestnut.[32] The United States accordingly interprets Frank Chestnut's former 25% interest to now be divided equally among the late Kenneth Adair Chestnut's family as follows:

- 6.25% interest owned by Ruth Aguirre Lopez Chestnut;
- 6.25% interest owned by Ian Adair Chestnut;
- 6.25% interest owned by Chris Edward Chestnut; and
- 6.25% interest owned by Lilly Elizabeth Chestnut.[33]

Chris Edward Chestnut does not appear to have been served with process in this case and has not appeared, but the remainder of the Chestnut family have waived service of process in this case[34] and failed to file timely answers or motions under Federal Rule of Civil Procedure 12. The briefing deadline has passed, and all parties have not contested the United States' tracing and assertion of the property interests in this case.

The Court commends Assistant United States Attorney N. Joseph Unruh on his and his associates' thorough research into the ownership interests in this case. The Court greatly appreciates the United States' amicus brief. In the absence of any opposition, the Court adopts the United States' findings and holds that the ownership interests in the subject property of this land condemnation case are as follows:

- 37.5% interest held by Leopoldo L. Garza;
- 37.5% interest held by Celeste Yvette Trevino Garza;
- 6.25% interest held by Ruth Aguirre Lopez Chestnut;

---

[29] Dkt. No. 22-13 at 1.
[30] Dkt. No. 22-14 at 5.
[31] Dkt. No. 22-15 at 1.
[32] Dkt. No. 22-15 at 9.
[33] Dkt. No. 22 at 8, ¶ 20.
[34] Dkt. Nos. 10–11, 15.

- 6.25% interest held by Ian Adair Chestnut;
- 6.25% interest held by Chris Edward Chestnut; and
- 6.25% interest held by Lilly Elizabeth Chestnut.[35]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 4th day of November 2020.

_____
Micaela Alvarez
United States District Judge

---

[35] Dkt. No. 22 at 8, ¶ 20.